Filed 12/5/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MONTEREY COASTKEEPER, | H042623 |
| Plaintiff and Appellant, | (Monterey County Super. Ct. No. M108858) |
| v. | |
| MONTEREY COUNTY WATER RESOURCES AGENCY, | |
| Defendant and Appellant. | |

## I.  INTRODUCTION

Monterey County Water Resources Agency (MCWRA) is a flood control and water agency that was created by the Monterey County Water Resources Agency Act to control flood and storm waters within the County of Monterey and to conserve those waters for beneficial and useful purposes.  (West's Ann. Wat. Appen. (2017) § 52-3 et seq.)

Monterey Coastkeeper, an entity self-described as "a program of The Otter Project, a non-profit organization," filed a verified petition for writ of mandate against MCWRA in the superior court.  Monterey Coastkeeper alleged in the petition's first cause of action that MCWRA had violated the Porter-Cologne Water Quality Control Act (Porter-Cologne Act; Wat. Code, § 13000 et seq.[1]) by failing to file a report of waste discharge with respect to its discharges of agricultural pollutants into the Reclamation

---

[1] All further statutory references are to the Water Code unless otherwise indicated.

Ditch and the Blanco Drain. Monterey Coastkeeper also asserted a second cause of action for violation of section 13264 of the Porter-Cologne Act (failure to comply with regional board requirements for a new or changed waste discharge); a third cause of action for violation of section 13247 of the Porter-Cologne Act (failure to comply with the applicable water quality plan); a fourth cause of action for breach of fiduciary duty alleging that MCWRA has breached its duty under the public trust doctrine by discharging agricultural pollutants into the Reclamation Ditch and the Blanco Drain; and a fifth cause of action for abatement of a public nuisance.

The trial court granted Monterey Coastkeeper's petition for writ of mandate as to the first cause of action for violation of section 13260 of the Porter-Cologne Act (failure to file a report of waste discharge) and denied the petition as to the fourth cause of action for breach of fiduciary duty under the public trust doctrine. The remaining causes of action were abandoned by Monterey Coastkeeper.

A peremptory writ of mandate pursuant to Code of Civil Procedure section 1085 was entered on June 4, 2015. The writ commands MCWRA "to prepare and file a report of waste discharge under . . . section 13260 of the Porter-Cologne Act with the Central Coast Regional Water Quality Control Board for its activities in and around the Reclamation Ditch and Blanco Drain watersheds . . . ."

On appeal, MCWRA contends that Monterey Coastkeeper's writ petition should be denied because Monterey Coastkeeper failed to exhaust its administrative remedy under the Porter-Cologne Act. For the reasons stated below, we agree. We will therefore reverse the judgment granting the petition for writ of mandate and direct the trial court to enter a judgment denying the petition.

Monterey Coastkeeper has filed a cross-appeal contending that the trial court erred in denying its writ petition as to the fourth cause of action alleging that MCWRA has breached its fiduciary duty under the public trust doctrine by discharging agricultural pollutants into the Reclamation Ditch and the Blanco Drain. As we will further explain,

2

we do not reach this issue because it is not ripe for adjudication in the absence of Monterey Coastkeeper's exhaustion of its administrative remedy with respect to MCWRA's alleged waste discharges.

## II.  THE PORTER-COLOGNE ACT

Since the issues in MCWRA's appeal arise from provisions of the Porter-Cologne Act, we provide a brief overview of the Act.

"California's Porter-Cologne . . . Act (. . . § 13000 et seq.) was enacted in 1969.  It established the State Water Resources Control Board (State [Water] Board), along with nine regional water quality control boards, and gave those agencies 'primary responsibility for the coordination and control of water quality.'  (. . . § 13001; [citation].)  The State [Water] Board establishes statewide policy.  The regional boards formulate and adopt water quality control plans and issue permits governing the discharge of waste.[2] [Citation.]"  (*Department of Finance v. Commission on State Mandates* (2016) 1 Cal.5th 749, 755-756 (*Dept. of Finance*).)

"The Porter-Cologne Act requires any person discharging, or proposing to discharge, waste that could affect the quality of state waters to file a report with the appropriate regional board.  (. . . § 13260, subd. (a)(1).)  The regional board then 'shall prescribe requirements as to the nature' of the discharge, implementing any applicable water quality control plans.  (. . . § 13263, subd. (a).)  The Operators must follow all requirements set by the Regional Board.  (. . . §§ 13264, 13265.)"  (*Dept. of Finance*, *supra*, 1 Cal.5th at p. 756.)  The appropriate regional board in the present case is the

---

[2] The term "waste" is defined in the Porter-Cologne Act as follows:  " 'Waste' includes sewage and any and all other waste substances, liquid, solid, gaseous, or radioactive, associated with human habitation, or of human or animal origin, or from any producing, manufacturing, or processing operation, including waste placed within containers of whatever nature prior to, and for purposes of, disposal."  (§ 13050, subd. (d).)

California Regional Water Quality Control Board, Central Coast region (Regional Board). (§§ 13203, 13200, subd. (c).)[3]

### III. FACTUAL AND PROCEDURAL BACKGROUND

#### A. *Writ Petition*

In 2010 Monterey Coastkeeper filed a verified petition for writ of mandate against MCWRA that included a "complaint for declaratory judgment" in the superior court. Monterey Coastkeeper alleged in the petition that MCWRA is "the primary water management agency for Monterey County" and that MCWRA has "broad powers to manage water supply and water quality in Monterey County." Those powers included, according to Monterey Coastkeeper, the operation of two "wastewater conveyance facilities" known as the Reclamation Ditch and the Blanco Drain.

Monterey Coastkeeper further alleged in its petition that the Reclamation Ditch collects contaminated agricultural wastewater from adjacent farmland, which is discharged into the Tembladero Slough and from there flows into the Salinas River, the Elkhorn Slough, and eventually the Pacific Ocean. The Blanco Drain allegedly collects contaminated irrigation water from adjacent farmland that is pumped into the Salinas River.

According to Monterey Coastkeeper, MCWRA has not instituted measures to mitigate the contamination of surface waters caused by its operation of the Reclamation Ditch and the Blanco Drain, has not submitted a report of waste discharge to the Regional Board as required under the Porter-Cologne Act, and has violated its public trust obligation under state law.

---

[3] Section 13200, subdivision (c) provides that the Central Coast region "comprises all basins, including Carrizo Plain in San Luis Obispo and Kern Counties, draining into the Pacific Ocean from the southerly boundary of the watershed of Pescadero Creek in San Mateo and Santa Cruz Counties to the southeasterly boundary, located in the westerly part of Ventura County, of the watershed of Rincon Creek."

4

Based on these and other allegations, Monterey Coastkeeper asserted causes of action for (1) violation of section 13260 of the Porter-Cologne Act (failure to file a report of waste discharge); (2) violation of section 13264 of the Porter-Cologne Act (failure to comply with Regional Board requirements for a new or changed waste discharge); (3) violation of section 13247 of the Porter-Cologne Act (failure to comply with the applicable water quality plan); (4) breach of fiduciary duty under the public trust doctrine; and (5) abatement of a public nuisance.

As a remedy, Monterey Coastkeeper sought a declaration that MCWRA's discharge of agricultural pollutants into the Reclamation Ditch and the Blanco Drain violated its duty under the public trust doctrine and constituted a public nuisance. In addition, Monterey Coastkeeper sought a writ of mandate under Code of Civil Procedure section 1085 compelling MCWRA to cease discharging until all waste discharges were compliant with the law.

MCWRA filed points and authorities in opposition to Monterey Coastkeeper's writ petition in August 2014. MCWRA argued that the petition was procedurally barred and should be dismissed because Monterey Coastkeeper had failed to show that writ relief was available on the grounds that either MCWRA had a mandatory duty under the Porter-Cologne Act or Monterey Coastkeeper's administrative remedies under the Porter-Cologne Act were inadequate. MCWRA also argued that the petition lacked substantive merit because a private cause of action is not authorized by the Porter-Cologne Act; MCWRA was not a waste discharger within the meaning of the Porter-Cologne Act; and MCWRA did not have any duties under the public trust doctrine.

**B.** *Court Trial and Order Certifying Questions to the Regional Board*

A court trial on Monterey Coastkeeper's writ petition was set on November 14, 2014. At the time of the hearing, the trial court determined (as stated in its subsequent intended statement of decision) that "due to the uncertain state of the record, the highly specialized and technical nature of the issues raised, and the parties' opposing positions

as to whether or not the [Regional Board] had determined [MCWRA] to be a waste discharger, the court desired that the Regional Board clarify its position as to whether [MCWRA] was a waste discharger and hence required to file a report of waste discharge under . . . sections 13260 and 13264."

The trial court found that uncertainty in the record existed because the Regional Board had begun an investigation of MCWRA's activities in 2012 but had taken no action on the investigation by the time of trial in 2014. The trial court therefore determined that the record should be clarified by ordering nonparty Regional Board to answer three questions, as stated in the court's December 8, 2014 order: "In order to assist its resolution of this matter, the Court certifies the following questions to the [Regional Board]: [¶] (a) Has the Board completed its investigation of whether [MCWRA] activities in and around the Reclamation Ditch and Blanco Drain watersheds render MCWRA a waste discharger which must file a report of waste discharge pursuant to . . . sections 13260 or 13264? [¶] (b) If so, what is the Board's determination? [¶] (c) If not, when does the Board anticipate making such a determination?"

In a January 7, 2015 letter addressed to the trial court, the Regional Board's executive director responded that the Regional Board's "staff has determined that MCWRA is a waste discharger and must file a report of waste discharge pursuant to . . . sections 13260 or 13264 for its activities in and around the Reclamation Ditch and Blanco Drain watersheds. We will provide additional information directly to MCWRA regarding timing and content of a report of waste discharge."

The January 7, 2015 letter was followed by a January 22, 2015 email to the parties' attorneys from an attorney in the State Water Board's office of chief counsel. The email stated, among other things, that the Regional Board's executive director "does not construe the [January 7, 2015] letter to the court as a request for MCWRA to file [a report of waste discharge]. The letter is not a board order, and the Executive Officer did

6

not intend it to be a request for a [report of waste discharge] under section 13261, subdivision (a)."

### C. *Further Court Trial and Intended Decision*

The court trial resumed on March 19, 2015. After hearing the parties' arguments, the trial court entered an intended statement of decision on April 24, 2015. As discussed in the intended statement of decision, the trial court determined for several reasons that a writ of mandate should issue as requested by Monterey Coastkeeper.

First, the trial court rejected MCWRA's contention that a writ of mandate should not issue because Monterey Coastkeeper had failed to exhaust its administrative remedies under the Porter-Cologne Act. The court ruled that the administrative remedy provided by the Porter-Cologne Act was inapplicable under the circumstances of this case, because, according to the court, only the inactivity of the Regional Board is subject to administrative review, not the inactivity of MCWRA in failing to file a waste discharge report. The court also ruled that Monterey Coastkeeper had exhausted its administrative remedies because the Regional Board had responded to the questions that the court "certified" to the Regional Board regarding its investigation of MCWRA's activities with respect to the Reclamation Ditch and the Blanco Drain.

Second, the trial court found that Monterey Coastkeeper had a beneficial interest in the outcome of the case because it concerned an issue of public right, which was water quality. The court rejected MCWRA's contentions that a writ could not issue to enforce a law of general applicability or, alternatively, that a private right of action does not exist under the Porter-Cologne Act.

Third, the trial court found that MCWRA's operation of the Reclamation Ditch and the Blanco Drain caused a discharge of waste within the meaning of the Porter-Cologne Act, and therefore MCWRA was required to file a waste discharge report with the Regional Board pursuant to section 13260, subdivision (a).

7

However, the trial court found no merit in Monterey Coastkeeper's contention that MCWRA had violated the public trust doctrine. The court determined that the appropriate representative of the state as the trustee of the public trust was the Regional Board, not MCWRA.

Based on these rulings, the trial court granted Monterey Coastkeeper's petition for writ of mandate as to the first cause of action (violation of section 13260 of the Porter-Cologne Act—failure to file a report of waste discharge) and denied as to the fourth cause of action (breach of duty under the public trust doctrine). The court noted that Monterey Coastkeeper had abandoned all three remaining causes of action.

A peremptory writ of mandate pursuant to Code of Civil Procedure section 1085 was entered on June 4, 2015. The writ states in part that MCWRA is commanded "to prepare and file a report of waste discharge under . . . section 13260 of the Porter-Cologne Act with the Central Coast Regional Water Quality Control Board for its activities in and around the Reclamation Ditch and Blanco Drain watersheds within 30 days of the entry of the Judgment."

## IV. MCWRA'S APPEAL

On appeal,[4] MCWRA contends that the trial court erred in issuing a peremptory writ of mandate commanding MCWRA to prepare and file a report of waste discharge because Monterey Coastkeeper failed to exhaust administrative remedies. Alternatively, MCWRA argues that mandamus is not available to enforce a law of general applicability, and, in any event, MCWRA does not discharge waste into the waters of the state.

As we will explain, we determine that the issue of failure to exhaust administrative remedies is dispositive. We will therefore begin our evaluation of MCWRA's contentions with an overview of the doctrine of exhaustion of administrative remedies.

---

[4] The peremptory writ of mandate entered on June 4, 2015, is appealable because the trial court disposed of all issues in the action between Monterey Coastkeeper and MCWRA. (See *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 699.)

**A.** *Exhaustion of Administrative Remedies*

Under the doctrine of exhaustion of administrative remedies, "the rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act." (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 292 (*Abelleira*).) The doctrine "is not a matter of judicial discretion, but is a fundamental rule of procedure . . . binding upon all courts." (*Id.* at p. 293.)

This court has explained that " '[t]he exhaustion doctrine is principally grounded on concerns favoring administrative autonomy (i.e., courts should not interfere with an agency determination until the agency has reached a final decision) and judicial efficiency (i.e., overworked courts should decline to intervene in an administrative dispute unless absolutely necessary).' [Citation.] ' "Even where the administrative remedy may not resolve all issues or provide the precise relief requested by a plaintiff, the exhaustion doctrine is still viewed with favor 'because it facilitates the development of a complete record that draws on administrative expertise and promotes judicial efficiency.' " ' [Citation.]" (*McAllister v. County of Monterey* (2007) 147 Cal.App.4th 253, 275 (*McAllister*).) Therefore, "[u]ntil an available 'administrative procedure has been invoked and completed, there is nothing that the . . . court may review; it cannot interfere in the intermediate stages of the proceeding.' [Citation.]" (*Ibid.*)

"The exhaustion doctrine has certain exceptions. [Citation.] The doctrine does not apply when the administrative remedy is inadequate. [Citation.] For example, it does not apply when the administrative procedure is too slow to be effective [citation], or when irreparable harm would result by requiring exhaustion of administrative remedies before seeking judicial relief [citations], or when it is clear that seeking administrative remedies would be futile [citation]." (*City of San Jose v. Operating Engineers Local Union No. 3* (2010) 49 Cal.4th 597, 609.)

9

"We apply a de novo standard of review to the legal question of whether the doctrine of exhaustion of administrative remedies applies in a given case. [Citations.]" (*Citizens for Open Government v. City of Lodi* (2006) 144 Cal.App.4th 865, 873.) Accordingly, we will independently determine whether Monterey Coastkeeper has an administrative remedy under the Porter-Cologne Act and, if so, whether that remedy has been exhausted.

**B.** *Administrative Remedy Under the Porter-Cologne Act*

The Porter-Cologne Act provides that any person aggrieved by a regional water board's *action or failure to act* is entitled to administrative review. (§ 13320, subd. (a).) Section 13320, subdivision (a) provides: "Within 30 days of any action or failure to act by a regional board under subdivision (c) of Section 13225, Article 4 (commencing with Section 13260 [requirements for waste discharge reports]) . . . , an aggrieved person may petition the state board to review that action or failure to act. In case of a failure to act, the 30-day period shall commence upon the refusal of the regional board to act, or 60 days after *request has been made to the regional board to act*. The state board may, on its own motion, at any time, review the regional board's action or failure to act." (Italics added.)

The procedures for the State Water Board's administrative review of a regional board's action or failure to act are set forth in title 23 of the California Code of Regulations, sections 2050-2068. These procedures include the requirements for the aggrieved person's petition to the State Water Board (*id.*, § 2050), the State Water Board's process for reviewing the petition (*id.*, § 2050.5), the introduction of supplemental evidence (*id.*, § 2050.6), the notice to be provided for a defective petition and the filing of an amended petition (*id.*, § 2051), the actions the State Water Board may

10

take on a petition (*id.*, § 2052),[5] the prerequisites for a stay order (*id.*, § 2053), the notice to be provided for review on the State Water Board's own motion (*id.*, § 2055), the contents of the record before the State Water Board (*id.*, § 2064), the informal disposition of petitions (*id.*, § 2065), the formal disposition of petitions (*id.*, § 2067), and the requirement that each regional board inform persons attending a regional board's business meetings of the right to petition the State Water Board to review an action or inaction of the regional board (*id.*, § 2068).

A person aggrieved by the State Water Board's decision or order may obtain judicial review by filing a petition for writ of mandate with the superior court, with one exception not applicable here. (§ 13330, subd. (a).) Where the State Water Board denies review of a regional board's final decision or order, a person aggrieved by the regional board's decision or order may obtain judicial review by filing a petition for writ of mandate with the superior court. (§ 13330, subd. (b).) Code of Civil Procedure section 1094.5 governs the proceedings for writ petitions filed pursuant to section 13330. (§ 13330, subd. (e).)

Thus, " '[d]ecisions and orders of the [Regional Board], . . . are reviewable by administrative appeal to the State Water Board, and then by petition for administrative mandamus in the superior court. ([Code Civ. Proc., ]§ 1094.5; Wat. Code, §§ 13320, 13330.)' " (*Surfrider Foundation v. California Regional Water Quality Control Bd.* (2012) 211 Cal.App.4th 557, 568-569 (*Surfrider Foundation*).)

---

[5] California Code of Regulations, title 23, section 2052, subdivision (a) provides: "The state board may: [¶] (1) At any time, refuse to review the action or failure to act of the regional board if the petition fails to raise substantial issues that are appropriate for review, or [¶] (2) After review of all or part of the regional board's records pertaining to the matter, including the transcript of any hearing held by the regional board: [¶] (A) Deny the petition upon a finding that the action or failure to act of the regional board was appropriate and proper or that the petition fails to raise substantial issues that are appropriate for review; or [¶] (B) Set aside or modify the regional board order; or [¶] (C) Direct the regional board to take appropriate action."

11

**C.** *Analysis*

MCWRA and amicus curiae (the Association of California Water Agencies, the League of California Cities, and the California State Association of Counties)[6] argue that the Porter-Cologne Act provides an adequate and mandatory administrative remedy for Monterey Coastkeeper's complaint that MCWRA has failed to file waste discharge reports, and therefore the petition for writ of mandate should have been denied due to Monterey Coastkeeper's failure to exhaust administrative remedies.

Monterey Coastkeeper responds that it does not have an administrative remedy, and therefore it is not required to exhaust administrative remedies, because MCWRA "does not have a defined procedure through which [Monterey] Coastkeeper could administratively pursue its grievances that [MCWRA] unlawfully has failed to file a report of waste discharge." Additionally, Monterey Coastkeeper contends that the Regional Board "has no mandatory duty to act on a request by [Monterey] Coastkeeper" and, in any event, the State Water Board's review of the Regional Board's failure to "take enforcement action" against MCWRA is not subject to judicial review. For these reasons, Monterey Coastkeeper contends there is no adequate administrative remedy and it properly filed a petition for writ of mandate requiring MCWRA to file a report of waste discharge.

Having reviewed the administrative remedy provided by the Porter-Cologne Act, we agree with MCWRA and amicus curiae. Under the Porter-Cologne Act, an adequate administrative remedy exists with regard to Monterey Coastkeeper's claims that MCWRA has violated its obligation under section 13260, subdivision (a)(1) to report waste discharges from the Reclamation Ditch and the Blanco Drain to the Regional Board and should be compelled to file such reports.

---

[6] This court granted the application of the Association of California Water Agencies, the League of California Cities, and the California State Association of Counties to file an amicus curiae brief in support of MCWRA.

12

The Porter-Cologne Act provides that a regional board has the authority to require a report of waste discharge (§§ 13260,[7] 13261,[8] 13262,[9] 13264,[10] 13267[11]) and to hold a discharger civilly liable for failure to file a waste discharge report. (§§ 13261, 13265.) The Porter-Cologne Act also provides that a regional board may be requested to act. (§ 13320, subd. (a).) Therefore, under section 13320, subdivision (a), Monterey Coastkeeper could have requested the Regional Board to act by requiring MCWRA to file waste discharge reports in compliance with section 13260, subdivision (a)(1).

If Monterey Coastkeeper was aggrieved by the Regional Board's failure to act, such as a failure to require MCWRA to file waste discharge reports pertaining to the Reclamation Ditch and the Blanco Drain, Monterey Coastkeeper was entitled to file a petition for review of the Regional Board's failure to act with the State Water Board.

---

[7] Section 13260, subdivision (a)(1) provides: "Each of the following persons shall file with the appropriate regional board a report of the discharge, containing the information that may be required by the regional board: [¶] (1) A person discharging waste, or proposing to discharge waste, within any region that could affect the quality of the waters of the state, other than into a community sewer system."

[8] Section 13261, subdivision (a) provides: "A person who fails to furnish a report or pay a fee under Section 13260 when so requested by a regional board is guilty of a misdemeanor and may be liable civilly in accordance with subdivision (b)."

[9] Section 13262 provides: "The Attorney General, at the request of the regional board or the state board, shall petition the superior court for the issuance of a temporary restraining order, temporary injunction, or permanent injunction, or combination thereof, as may be appropriate, requiring any person not complying with Section 13260 to comply therewith."

[10] Section 13264, subdivision (a) provides in part: "No person shall initiate any new discharge of waste or make any material changes in any discharge, or initiate a discharge to, make any material changes in a discharge to, or construct, an injection well, prior to the filing of the report required by Section 13260 . . . ."

[11] Section 13267, subdivision (b)(1) provides in part: "[T]he regional board may require that any person who has discharged, discharges, or is suspected of having discharged or discharging, or who proposes to discharge waste within its region, . . . that could affect the quality of waters within its region shall furnish, under penalty of perjury, technical or monitoring program reports which the regional board requires."

13

The Porter-Cologne Act expressly provides that where a regional board has failed to act, an aggrieved person "may petition the [State Water Board] to review that action or failure to act . . . ." (§ 13320, subd. (a).) Then, if Monterey Coastkeeper was aggrieved by the State Water Board's decision or order, it could obtain judicial review by filing a petition for a writ of administrative mandamus in the superior court. (§ 13330, subds. (a), (b), & (e); Code Civ. Proc., § 1094.5; see *Surfrider Foundation*, *supra*, 211 Cal.App.4th at pp. 568-569.) We therefore determine that Monterey Coastkeeper had an administrative remedy under the provisions of the Porter-Cologne Act for its claim that MCWRA should be compelled to file waste discharge reports with respect to the Reclamation Ditch and the Blanco Drain.

We are not convinced by Monterey Coastkeeper's argument that the administrative remedy provided by the Porter-Cologne Act is inapplicable, and therefore it can proceed directly against MCWRA in the superior court by filing a petition for a writ of mandate compelling MCWRA to file a waste discharge report with the Regional Board. As we have noted, the Porter-Cologne Act provides that the State Water Board and the nine regional boards have primary responsibility for water quality, and the regional boards have responsibility for issuing waste discharge permits. (§ 13001; *Dept. of Finance*, *supra*, 1 Cal.5th at pp. 755-756.) Moreover, the provisions of the Porter-Cologne Act establish the regional boards as the authority for determining whether a waste discharge report must be filed by a suspected discharger. (§§ 13260, subd.(a)(1), 13261, 13262, 13264, 13265, 13267, subd. (b)(1).) The regional boards are also authorized to prescribe "requirements as to the nature" of the discharge, including the implementation of applicable water quality control plans. (§ 13263, subd. (a).) Monterey Coastkeeper has provided no authority for the proposition that the superior court may decide in the first instance on a petition by a third party that a suspected discharger is required to file a waste discharge report, in contravention of the Porter-Cologne Act's express statutory scheme for the regulation of waste discharges by the regional boards

14

and the Porter-Cologne Act's administrative remedies. (See § 13262 [regional board, through the Attorney General, may petition the superior court for injunctive relief requiring a person to comply with § 13260].)

We are also not convinced by Monterey Coastkeeper's argument that the Porter-Cologne Act's administrative remedy is inadequate because it does not provide for judicial review. We reiterate that the Porter-Cologne Act expressly provides for judicial review, as follows. A person aggrieved by the State Water Board's decision or order may obtain judicial review by filing a petition for writ of mandate with the superior court, with one exception not applicable here. (§ 13330, subd. (a).) Where the State Water Board denies review of a regional board's final decision or order, an aggrieved person may obtain judicial review of the regional board's decision or order by filing a petition for writ of mandate with the superior court. (§ 13330, subd. (b), (e); see *Surfrider Foundation*, *supra*, 211 Cal.App.4th at pp. 568-569.)

The decision in *Johnson v. State Water Resources Control Bd*. (2004) 123 Cal.App.4th 1107 (*Johnson*), on which Monterey Coastkeeper relies, does not support its argument that the Porter-Cologne Act's administrative remedy is inadequate because it does not provide for judicial review. In *Johnson*, the regional board imposed a fine on the appellants for their failure to file a notice of intent prior to grading their property and failure to respond to the regional board's request for information. (*Johnson*, *supra*, at p. 1111.) The appellants sought review by the State Water Board, "but the board dismissed their petition based on its informal rule that it will not review administrative civil penalties imposed by regional boards." (*Ibid*.) The *Johnson* court concluded that "a discretionary decision by the State Board as to whether to review a regional board's decision imposing administrative penalties is not subject to judicial review." (*Id*. at p. 1114.) However, the *Johnson* court emphasized that the appellants were not prevented from obtaining judicial review of the regional board's order imposing a fine, since the Porter-Cologne Act's statutory scheme "provides for direct judicial review of a regional

15

board decision where the State Board declines review." (*Johnson*, *supra*, at p. 1114; § 13330, subd. (b).)

Monterey Coastkeeper also relies on *People ex rel. Cal. Regional Wat. Quality Control Bd. v. Barry* (1987) 194 Cal.App.3d 158 (*Barry*) for the proposition that "the Regional Board's failure to take enforcement action in response to [Monterey] Coastkeeper's request remains judicially unreviewable as an exercise of enforcement discretion . . . ." In *Barry*, the appellate court noted that "[s]ection 13330 was enacted virtually as proposed. [Citation.] It is noteworthy because it does not expressly provide for superior court review of regional board actions where the state board chooses to deny a petition for review." (*Id*. at p. 175.)

However, Monterey Coastkeeper's reliance on the 1987 decision in *Barry* is misplaced because section 13330 was amended in 1996 to provide that "[a]ny party aggrieved by a final decision or order of a regional board for which the state board denies review may obtain review of the decision or order of the regional board in the superior court by filing in the court a petition for writ of mandate not later than 30 days from the date on which the state board denies review." (Stats. 1996, ch. 659, § 24.)[12]

Therefore, as stated in *Machado v. State Water Resources Control Bd*. (2001) 90 Cal.App.4th 720, 726: "Under section 13320, subdivision (a), a party aggrieved by an order of a regional water quality control board may petition the State Board for review. [Appellant] complains that the protections afforded by this review are somewhat illusory because review is discretionary. However, if the State [Water] Board denies review, the

---

[12] Section 13330, subdivision (b) currently provides: "A party aggrieved by a final decision or order of a regional board subject to review under Section 13320 may obtain review of the decision or order of the regional board in the superior court by filing in the court a petition for writ of mandate not later than 30 days from the date on which the state board denies review."

16

issued order is deemed final and the party may challenge the order through a petition for mandate in the trial court. ([Citation]; see § 13330, subd. (b).)"

Having determined that an adequate administrative remedy exists under the Porter-Cologne Act with regard to Monterey Coastkeeper's claims that MCWRA has violated its obligation under section 13260, subdivision (a)(1) to report waste discharges from the Reclamation Ditch and the Blanco Drain to the Regional Board and should be compelled to file such reports, we further determine that Monterey Coastkeeper has failed to exhaust its administrative remedy. The record reflects that Monterey Coastkeeper has not requested under section 13320, subdivision (a) that the Regional Board act by requiring MCWRA to file a waste discharge report in compliance with section 13260, subdivision (a)(1). Although Monterey Coastkeeper complained in the trial court that "[t]he Regional Board has never completed its outstanding factual investigation because [MCWRA] has failed to fully respond to repeated inquiries," the record also reflects that Monterey Coastkeeper has not filed a petition for review of the Regional Board's failure to act with the State Water Board under section 13320, subdivision (a). Had Monterey Coastkeeper done so, the administrative review procedure would have facilitated the development of a complete record that drew on the State Water Board's expertise. (See *McAllister*, *supra*, 147 Cal.App.4th at p. 275.)

Since Monterey Coastkeeper failed to initiate the administrative review process by filing a petition for review with the State Water Board of the Regional Board's action or failure to act (§ 13320, subd. (a)) with regard to MCWRA's alleged waste discharges from the Reclamation Ditch and Blanco Drain, we determine that Monterey Coastkeeper has failed to exhaust its administrative remedy under the Porter-Cologne Act. (See *Abelleira*, *supra*, 17 Cal.2d at p. 292.) Where, as here, the plaintiff seeks a writ of mandate under Code of Civil Procedure section 1085, " ' "[i]f an administrative remedy is available and has not yet been exhausted, an adequate remedy exists and the petitioner is not entitled to extraordinary relief." [Citation.]' [Citations.]" (*Pich v. Lightbourne*

17

(2013) 221 Cal.App.4th 480, 491.) Since Monterey Coastkeeper is not entitled to extraordinary relief due to its failure to exhaust its administrative remedy under the Porter-Cologne Act, we conclude that its petition for writ of mandate should have been denied by the trial court. Having reached this conclusion, we need not address the other issues raised by MCWRA in its appeal.

We will therefore reverse the judgment granting Monterey Coastkeeper's petition for writ of mandate and direct the trial court to enter a judgment denying the petition.

## V.  MONEREY COASTKEEPER'S CROSS-APPEAL

In its cross-appeal, Monterey Coastkeeper contends that the trial court erred in denying its petition for writ of mandate as to its fourth cause of action for breach of fiduciary duty under the public trust doctrine, in which Monterey Coastkeeper alleged that MCWRA's discharge of agricultural pollutants into the Reclamation Ditch and the Blanco Drain constituted a breach of its duty under the public trust doctrine.

The public trust doctrine provides that certain natural resources, including water resources, are held by the state " ' "as trustee of a public trust for the benefit of the people." ' [Citation.]" (*National Audubon Society v. Superior Court* (1983) 33 Cal.3d 419, 434, fn. omitted (*National Audubon Society*).) However, "the public trust is more than an affirmation of state power to use public property for public purposes. It is an affirmation of the duty of the state to protect the people's common heritage of streams, lakes, marshlands and tidelands, surrendering that right of protection only in rare cases when the abandonment of that right is consistent with the purposes of the trust." (*Id.* at p. 441.)

Accordingly, "[t]he state has an affirmative duty to take the public trust into account in the planning and allocation of water resources, and to protect public trust uses whenever feasible." (*National Audubon Society*, *supra*, 33 Cal.3d at p. 446, fn. omitted.) The State Water Board, "in undertaking planning and allocation of water resources, is

18

required by statute to take those interests [protected by the public trust] into account." (*Id*. at p. 444; see § 1243.5.[13])

Monterey Coastkeeper contends that MCWRA is a public trustee with a public trust duty, which MCWRA breached "in managing the Reclamation Ditch and Blanco Drain systems." MCWRA disagrees, arguing that the trial court properly determined that MCWRA is not a trustee subject to a private right action for violation of the public trust, since there is no statutory authority providing that MCWRA is a trustee under the public trust doctrine. MCWRA maintains that as an entity regulated under the Porter-Cologne Act, its "public trust responsibilities in the water quality context are . . . coextensive with Porter-Cologne requirements, and defined according to the regulatory discretion of the state and regional boards . . . where authority over public trust uses actually resides."

We determine that the issue of whether MCWRA has violated a public trust duty by discharging agricultural pollutants into the Reclamation Ditch and the Blanco Drain is not ripe for adjudication. " 'A controversy is "ripe" when it has reached, but has not passed, the point that the facts have sufficiently congealed to permit an intelligent and useful decision to be made.' [Citation]." (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 171 (*Pacific Legal Foundation*).) "[T]he ripeness doctrine is primarily bottomed on the recognition that judicial decisionmaking is best conducted in the context of an actual set of facts so that the issues will be framed with sufficient definiteness to enable the court to make a decree finally disposing of the controversy." (*Id*. at p. 170; see also *Association of Irritated Residents v. Department of Conservation* (2017) 11 Cal.App.5th 1202, 1221.) Thus, "[t]he ripeness requirement . . .

---

[13] Section 1243.5 provides in part: "In determining the amount of water available for appropriation, the board shall take into account, whenever it is in the public interest, the amounts of water needed to remain in the source for protection of beneficial uses, including any uses specified to be protected in any relevant water quality control plan established pursuant to Division 7 (commencing with Section 13000) of this code."

prevents courts from issuing purely advisory [or hypothetical] opinions." (*Pacific Legal Foundation*, *supra*, at p. 170.)

As we have noted, "[t]he Porter-Cologne Act requires any person discharging, or proposing to discharge, waste that could affect the quality of state waters to file a report with the appropriate regional board. (. . . § 13260, subd. (a)(1).) The regional board then 'shall prescribe requirements as to the nature' of the discharge, implementing any applicable water quality control plans. (. . . § 13263, subd. (a).) The Operators must follow all requirements set by the Regional Board. (. . . §§ 13264, 13265.)" (*Dept. of Finance*, *supra*, 1 Cal.5th at p. 756.) In the present case, since Monterey Coastkeeper did not initiate the administrative review process under the Porter-Cologne Act, no administrative record exists regarding the nature of any waste discharge by MCWRA into the Reclamation Ditch and the Blanco Drain, and the Regional Board did not have the opportunity to prescribe requirements as to the nature of the discharge and to implement applicable water quality control plans. Absent an administrative record that would provide an "actual set of facts" on which a decision could be based as to whether the public trust doctrine has been violated by a discharge of agricultural pollutants into the Reclamation Ditch and the Blanco Drain by MCWRA, we decline to issue an advisory opinion. (*Pacific Legal Foundation*, *supra*, 33 Cal.3d at p. 170.)

To the extent Monterey Coastkeeper relies on the decision in *National Audubon Society* for the proposition that it is not required to exhaust an administrative remedy where a breach of duty under the public trust doctrine is alleged, we are not persuaded because *National Audubon Society* is distinguishable. In *National Audubon Society*, the California Supreme Court addressed an issue of water rights: Whether the plaintiffs' action in superior court to enjoin the City of Los Angeles's Department of Water and Power from diverting water from Mono Lake was barred due the plaintiff's failure to exhaust administrative remedies before the State Water Board. (*National Audubon Society*, *supra*, 33 Cal.3d at pp. 424-425.) The court concluded that the superior court

20

has concurrent jurisdiction with the State Water Board to determine controversies under the state's appropriative water rights system, and therefore the plaintiffs were not required to exhaust an administrative remedy before filing suit. (*Id*. at pp. 426, 451-452.) The court also concluded that "plaintiffs can rely on the public trust doctrine in seeking reconsideration of the allocation of the waters of the Mono Basin." (*Id*. at p. 452.) No issue was raised in *National Audubon Society* as to the Porter-Cologne Act's express statutory scheme for the regional boards' regulation of waste discharges and the Porter-Cologne Act's corresponding administrative remedies. "It is well established, of course, that ' "cases are not authority for propositions not considered." ' [Citation.]" (*Loeffler v. Target Corp.* (2014) 58 Cal.4th 1081, 1134.)

Accordingly, we conclude that the trial court did not err in denying Monterey Coastkeeper's petition for writ of mandate as to the fourth cause of action for breach of duty under the public trust doctrine.

## VI. DISPOSITION

The judgment granting the petition for writ of mandate is reversed, and the court is directed to enter a judgment denying the petition. Costs on appeal are awarded to appellant Monterey County Water Resources Agency.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:


_____
ELIA, ACTING P.J.




_____
MIHARA, J.




*Monterey Coastkeeper v. Monterey County Water Resources Agency*
**H042623**

| | |
|---|---|
| Trial Court: | Monterey County Superior Court<br>Superior Court No.: M108858 |
| | |
| Trial Judge: | Hon. Thomas W. Wills |
| | |
| Attorneys for Plaintiff and Appellant:<br>Monterey CoastKeeper | Environmental Law Clinic<br>Mills Legal Clinic at Stanford Law School<br>Deborah A. Sivas<br>Alicia E. Thesing |
| | |
| Attorneys for Defendant and<br>Appellant:<br>Monterey County Water Resources<br>Agency | Downey Brand<br>Steven P. Saxton<br>Nicole E. Granquist<br>Elizabeth B. Stallard |
| | County of Monterey<br>Charles McKee<br>Leslie J. Girard<br>Irven L. Grant |
| | |
| Attorneys for Amicus Curiae in<br>support of Monterey County Water<br>Resources Agency:<br>Association of California Water<br>Agencies, League of California Cities,<br>and California State Association of<br>Counties | Somach Simmons & Dunn<br>Theresa A. Dunham<br>Theresa C. Barfield<br>Brenda C. Bass |

*Monterey Coastkeeper v. Monterey County Water Resources Agency*
**H042623**