[Civ. No. 51415. Second Dist., Div. Two. Oct. 3, 1977.]

BOARD OF MEDICAL QUALITY ASSURANCE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
FRED A. AENGST, Real Party in Interest.

---

**COUNSEL**

Evelle J. Younger, Attorney General, and Kenneth M. Stern, Deputy Attorney General, for Petitioner.

No appearance for Respondent.

Hiestand & Bower and Allan M. Bower for Real Party in Interest.

---

**OPINION**

**BEACH, J.**—Petition for writ of prohibition, treated as mandate, to require respondent court to vacate the order of June 27, 1977, requiring the appearance of James M. House, M.D., for the taking of his deposition in a pending administrative proceeding. We issued an alternative writ.

## FACTS

Petitioner, the Board of Medical Quality Assurance of the State of California (Board), filed an accusation against real party in interest Fred A. Aengst, M.D., alleging that he was guilty of unprofessional conduct within the meaning of section 2361, subdivision (b) of the Business and Professions Code in that he had been grossly negligent in the treatment of a patient. On April 13, 1977, real party was served with a notice that a hearing would be held before an administrative law judge or a medical quality review committee of the State of California beginning October 3, 1977. A prehearing conference was set for August 12, 1977.

On or about May 13, 1977, real party served Board with a petition for writ of mandate pursuant to California Code of Civil Procedure section 1094.5, alleging lack of jurisdiction, denial of due process, abuse of discretion, and bias and prejudice on the part of the witness James M. House, M.D. On June 10, 1977, the Board was served with a notice of taking deposition of James House, and later filed opposition after obtaining a stay or continuance of the deposition. The motion of Board for order that the deposition not be taken was heard June 27, 1977, and was denied the same day.

## DISCUSSION:

California Code of Civil Procedure section 1094.5 deals with the review of final administrative orders or decisions. In the present case there is no administrative order or decision whatsoever, and certainly no final order. Sections 11500 et seq. of the Government Code provide for the method of administrative adjudication. Government Code section 11501 expressly includes the Board of Medical Quality Assurance, each of its three divisions, and the Medical Quality Review Committees. Government Code section 11507.5 expressly declares that the provisions of Government Code section 11507.6 provide the exclusive right to and method of discovery.

It is therefore clear that the purported proceeding under Code of Civil Procedure section 1094.5 was untimely and improper, and the order of June 27, 1977, was an abuse of discretion, without authority of law, and in excess of the court's jurisdiction.

Let a peremptory writ of mandate issue requiring respondent court to vacate the order of June 27, 1977, denying petitioner's motion for protective order, and to enter a new and different order (1) granting said motion, and (2) dismissing the purported "Petition for Writ of Mandamus" filed by real party in interest on or about May 11, 1977.

Fleming, Acting P. J., and Compton, J., concurred.