Filed 7/24/24; certified for publication 8/6/24 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY et al., | H051322 (San Benito County Super. Ct. No. CU2200247) |
| Plaintiffs and Appellants, | |
| v. | |
| COUNTY OF SAN BENITO, | |
| Defendant and Respondent; | |
| HENRY RUHNKE et al., | |
| Real Parties in Interest and Respondents. | |
| AMAH MUTSUN TRIBAL BAND, | H051323 (San Benito County Super. Ct. No. CU2200249) |
| Petitioner and Appellant, | |
| v. | |
| COUNTY OF SAN BENITO, | |
| Defendant and Respondent; | |
| HENRY RUHNKE et al., | |
| Real Parties in Interest and Respondents. | |

## I. INTRODUCTION

This action arises from the proposal of real parties in interest Henry Ruhnke, Thomas John McDowell and Victoria Knight McDowell Charitable Remainder Unitrust, and Thomas John McDowell and Victoria Knight McDowell, trustees (collectively, McDowell Trust) to develop a large commercial roadside attraction known as the Betabel Project. The Board of Supervisors of respondent County of San Benito (County) certified an environmental impact report (EIR) pursuant to CEQA[1] and approved the conditional use permit for the Betabel Project after denying the appeals of project opponents the Center for Biological Diversity and Protect San Benito County (collectively, the Center) and the Amah Mutsun Tribal Band from the County Planning Commission's initial project approval.

Appellants the Center and the Amah Mutsun Tribal Band both challenged the Board of Supervisors' project approval by filing a verified petition for writ of mandate that included causes of action alleging that the EIR for Betabel Project violated CEQA and the project approval violated state planning and zoning laws.

The McDowell Trust demurred on the grounds that the CEQA causes of action in both writ petitions were time-barred because the petitions were filed after expiration of the 30-day limitations period provided by section 21167, subdivision (c) for an action alleging that an EIR does not comply with CEQA. In support of the demurrer, the McDowell Trust argued that the 30-day period commenced when the County Planning Commission (Planning Commission) filed a notice of determination on October 14, 2022, after making the initial decision to approve the Betabel Project.

The Center and Amah Mutsun Tribal Band opposed the demurrer, contending that the 30-day limitations period commenced later, when the County Board of Supervisors

---

[1] California Environmental Quality Act, Public Resources Code section 21000, et seq. All statutory references are to the Public Resources Code unless otherwise indicated.

filed a second notice of determination on November 10, 2022, after denying their appeals from the Planning Commissions' decision and approving the Betabel Project.

The trial court agreed with the McDowell Trust, sustained the demurrer without leave to amend, and entered judgments of dismissal. Appellants the Center and Amah Mutsun Tribal Band appeal from the judgments of dismissal on the ground that the trial court erred in ruling that their CEQA causes of action were time-barred under section 21167, subdivision (c).[2] For the reasons stated below, we conclude that the trial court erred and therefore we will reverse the judgments of dismissal.

## II. CEQA STATUTE OF LIMITATIONS

CEQA "provides 'unusually short' limitations periods (Cal. Code Regs., tit. 14, §§ 15000 et seq., 15112, subd. (a))[3] after which persons may no longer mount legal challenges, however meritorious, to actions taken under the Act's auspices." (*Stockton Citizens for Sensible Planning v. City of Stockton* (2010) 48 Cal.4th 481, 488 (*Stockton Citizens*).) "Most limitation statutes are triggered by the filing of a public notice, which reports an agency's determination about the applicability of CEQA or the potential environmental impact of a project. (§§ 21108, 21152.)" (*Committee for Green Foothills v Santa Clara County Bd. Of Supervisors* (2010) 48 Cal.4th 32, 38-39 (*Committee for Green Foothills*).)

Under CEQA, the public notice regarding project approval includes the following: "If a local agency approves or determines to carry out a project that is subject to this division, the local agency shall file a notice of determination [NOD] within five working

---

[2] This court ordered that the appeals in case Nos. H051322 and H051323 be considered together for purposes of record preparation, briefing, oral argument, and disposition.

[3] "The regulations that guide the application of CEQA are set forth in title 14 of the California Code of Regulations and are often referred to as the CEQA Guidelines. [Citation.]" (*Pfeiffer v. City of Sunnyvale City Council* (2011) 200 Cal.App.4th 1552, 1561, fn. 5; hereafter CEQA Guidelines or Guidelines.)

days after the approval or determination becomes final, with the county clerk of each county in which the project will be located . . . ." (§ 21152, subd. (a); CEQA Guidelines, § 15094.) " 'Approval' means the decision by a public agency which commits the agency to a definite course of action in regard to a project intended to be carried out by any person. The exact date of approval of any project is a matter determined by each public agency according to its rules, regulations, and ordinances. Legislative action in regard to a project often constitutes approval." (CEQA Guidelines, § 15352, subd. (a).)

"If a state or local agency has filed an NOD stating whether a project will have a significant environmental impact (see §§ 21108, subd. (a), 21152, subd. (a)), the statute of limitations for all types of CEQA claims related to the project is 30 days from the date the notice was filed. The 30-day statute applies to . . . claims challenging the adequacy of an EIR (§ 21167, subd. (c))."[4] (*Committee for Green Foothills*, *supra,* 48 Cal.4th at p. 47, italics omitted; see also *Stockton Citizens*, *supra,* 48 Cal.4th at p. 500 [same].)

The purpose of "[a] bright-line rule that the filing of an NOD triggers a 30-day statute of limitations promotes certainty, allowing local governments and developers to proceed with projects without the threat of potential future litigation. (§ 21167.2 [after expiration of the 30-day period in § 21167, subd. (c), an EIR is conclusively presumed to be valid]." (*Committee for Green Foothills*, *supra*, 48 Cal.4th at p. 50.) Thus, the posting of an NOD "alerts the public that any lawsuit to attack the noticed action or decision on grounds it did not comply with CEQA must be mounted immediately." (*Stockton Citizens, supra*, 48 Cal.4th at p. 488; see also *Organizacion Comunidad De Alviso v. City of San Jose* (2021) 60 Cal.App.5th 783, 793.)

---

[4] Section 21167, subdivision (c) provides: "An action or proceeding alleging that an environmental impact report does not comply with this division shall be commenced within 30 days from the date of the filing of the notice required by subdivision (a) of [s]ection 21108 [(notice of determination by state agency)] or subdivision (a) of [s]ection 21152 by the lead agency [(notice of determination by local agency)]."

### III.  FACTUAL BACKGROUND

Our summary of the facts is drawn from the allegations of the writ petitions and the request for judicial notice filed below.  In reviewing a ruling sustaining a demurrer without leave to amend, we assume the truth of the properly pleaded factual allegations and the matters properly subject to judicial notice.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

In 2021 the McDowell Trust applied to the County for a conditional use permit for a proposed commercial roadside attraction known as the Betabel Project, which would include a gas station, a convenience store, a restaurant, amusement buildings with exhibits, a motel, a banquet hall, an outdoor pool, an outdoor movie screen, and an outdoor event center.

The 26-acre Betabel Project site is located on Betabel Road west of Highway 101.  The project site is within the aboriginal homeland of the Mutsuh people, whose descendants now comprise the Amah Mutsun Tribal Band.  The Integrative Cultural Resource Survey conducted on the project site in May and June of 2022 uncovered artifacts, identified ethnobotanical resources, and also identified the likely location of numerous tribal cultural resources.  The survey included recommendations to avoid or reduce impacts to Indigenous cultural resources, which were provided to the County and the McDowell Trust.  In August 2022 the Betabel Ethnographic Study identified new tribal cultural resources that would be adversely impacted by the construction of the Betabel Project.

The County released a draft EIR for the Betabel Project in July 2022, followed by the release of a final EIR in September 2022.  On October 12, 2022, the Planning Commission held a public hearing and, following the hearing, a majority of the Planning Commission voted to certify the final EIR and approve the conditional use permit for the Betabel Project.  On October 14, 2022, the Planning Commission filed a NOD giving public notice of its decision.

5

The Center and the Amah Mutsun Tribal Band each appealed the Planning Commission's decision to approve the Betabel Project to the County Board of Supervisors. On November 8, 2022, the Board of Supervisors held a public hearing on the appeals. Following the public hearing, a majority of the Board of Supervisors voted to adopt Resolution No. 2022-132 denying the appeals, certifying the final EIR, and adopting a mitigation monitoring and reporting program and a statement of overriding considerations pursuant to CEQA.

On November 10, 2022, the County filed a NOD giving public notice of the Board of Supervisor's decision regarding the Betabel Project with the San Benito County Clerk pursuant to section 21152.

### IV. PROCEDURAL BACKGROUND

#### A. *The Center's Writ Petition*

On December 9, 2022, the Center filed a verified petition for writ of mandate challenging the County's approval of the Betabel Project. The Center named County and the County Board of Supervisors (collectively, County) as respondents and the McDowell Trust entities as real parties in interest.

The writ petition included a first cause of action for violation of CEQA, which alleged that the EIR for the Betabel Project was deficient in its analysis of the environmental impacts of the project in many respects, including inadequate analysis and mitigation of significant impacts, failure to require feasible mitigation measures, inadequate analysis of project alternatives, failure to respond adequately to comments on the draft EIR, and an unsupported statement of overriding considerations.

The writ petition also included a second cause of action for violation of state planning and zoning laws, which alleged that the County had adopted findings of general plan consistency that were not supported by substantial evidence.

6

The Center sought a writ commanding the County to, among other things, set aside its certification of the final EIR and its approval of the conditional use permit for the Betabel Project.

**B.** *Amah Mutsun Tribal Band's Writ Petition*

On December 9, 2022, the Amah Mutsun Tribal Band filed a verified petition for writ of mandate challenging the County's approval of the Betabel Project. The writ petition included a first cause of action for violation of CEQA, which alleged that the final EIR was deficient in numerous respects, including failure to analyze all of the project's impacts on individual sites or features with cultural or archeological significance, and failure to utilize the Betabel Ethnographic Study in the analysis of project impacts on tribal cultural resources. The writ petition also included a second cause of action for "[v]iolation of AB 52," alleging that the County had failed to comply with CEQA's requirement that "lead agencies undertaking CEQA review consult with California Native American Tribes possessing a traditional and cultural connection to the geographic area of a proposed project."

Additionally, the writ petition included a third cause of action alleging that the County violated state planning and zoning laws by approving a project that is inconsistent with the County's general plan and other planning laws.

The Amah Mutsun Tribal Band sought a writ of mandate commanding the County to, among other things, to set aside its certification of the EIR and approvals of the Betabel Project.[5]

**C.** *McDowell Trust's Demurrer*

The McDowell Trust demurred to the writ petitions filed by the Center and the Amah Mutsun Tribal Band on the ground that the first cause of action for violation of CEQA in both petitions was time-barred because the allegations, in combination with

_____

[5] In the January 24, 2023 order, the trial court ordered that the two writ petitions were consolidated for all purposes other than judgment as related cases.

7

matters judicially noticeable, showed that the writ petitions were filed after the expiration of the 30-day limitations period provided by section 21167, subdivision (c) for an action alleging that an EIR does not comply with CEQA.

In support of the demurrer, the McDowell Trust relied upon its request for judicial notice of the NOD that the Planning Commission had filed on October 14, 2022. The McDowell Trust argued that the 30-day limitations period provided by section 21167, subdivision (c) was triggered when the Planning Commission filed an NOD on October 14, 2022, announcing that the Planning Commission had decided to approve the conditional use permit for the Betabel Project. Since the writ petitions were filed on December 9, 2022, more than 30 days later, the McDowell Trust contended that the writ petitions were time-barred. The McDowell Trust also contended that the appeals to the Board of Supervisors from the Planning Commission's decision by the Center and the Amah Mutsun Tribal Band did not affect the expiration of the 30-day limitations period on November 14, 2022.

County filed a joinder in the McDowell Trust's demurrer, arguing in its points and authorities that the relevant Public Resources Code provisions and San Benito County Code provisions required the Center and Amah Mutsun Tribal Band to file their action challenging the approvals of the Betabel Project within 30 days of the first NOD, which was filed by the Planning Commission on October 14, 2022.

### D. *Opposition to Demurrer*

The Center and the Amah Mutsun Tribal Band filed opposition to the McDowell Trust's demurrer, contending that the Planning Commission's October 14, 2022 NOD did not trigger the section 21167, subdivision (c) 30-day limitations period. They asserted that the Planning Commission's decision to certify the EIR and approve a conditional use permit for the Betabel Project was not final due to their appeals of that decision to the Board of Supervisors. According to the Center and the Amah Mutsun Tribal Band, their

8

writ petitions were timely filed within 30 days after the Board of Supervisors denied their appeals and filed a second, operative NOD on November 10, 2022.

In opposing the demurrer, the Center and the Amah Mutsun Tribal Band emphasized that section 21152, subdivision (a) requires a local agency to file a NOD within five working days after a project approval becomes final, and the CEQA Guidelines, section 15352, subdivision (a) provides that the date of final project approval is to be determined under the local agency's rules, regulations, and ordinances. In San Benito County, they pointed out, San Benito County Code section 25.02.003, subdivision (K)(1) provides that the Planning Commission's approval of a conditional use permit becomes final when the deadline for an appeal by the public or applicant has expired without the filing of an appeal. They also pointed out that the San Benito County Code expressly states that where the Planning Commission's approval of a conditional use permit is appealed, the approval is not final until the Board of Supervisors takes action to approve or deny the application for a conditional use permit. (San Benito County Code, § 25.02.003, subd. (K)(2).)

Since the Center and Amah Mutsun Tribal Band had timely appealed the Planning Commission's certification of the EIR and approval of the conditional use permit for the Betabel Project within the 10-day period provided by San Benito County Code section 25.01.008, subdivision (B) for appeals from the Planning Commissions' decisions, they argued that the Planning Commission's project approval was not final. For that reason, they further argued that the NOD filed by the Planning Commission on October 14, 2022, had no legal effect and did not trigger the section 21167, subdivision (c) 30-day limitations period for filing a writ petition challenging the adequacy of the EIR.

Instead, the Center and the Amah Mutsun Tribal Band urged, their writ petitions were timely filed within 30 days after the notice of determination was filed on November 10, 2022, following the Board of Supervisors' denial of their appeals of the

9

Planning Commission's decision and final approval of the Betabel Project. The Center and Amah Mutsun Tribal Band also maintained that they had properly exhausted their administrative remedies with respect to their opposition to the County's approval of the Betabel Project under with the doctrine of exhaustion of administrative remedies, which is applicable to CEQA litigation.

### E. *The Trial Court's Order and Judgment*

In the June 2, 2023 order, the trial court sustained the demurrer to the cause of action for violation of CEQA in both writ petitions without leave to amend. Both the Center and the Amah Mutsun Tribal Band subsequently requested dismissal of the cause of action for violation of state planning and zoning laws in their writ petitions, and dismissals were entered as requested on June 9, 2023.

On June 30, 2022, the trial court filed a judgment of dismissal of the Center's writ petition and a judgment of dismissal of the Amah Mutsun Tribal Band's writ petition.

## V. DISCUSSION

On appeal, the Center and the Amah Mutsun Tribal Band argue that the trial court erred in sustaining the McDowell Trust's demurrer without leave to amend and entering judgments of dismissal on the grounds that the CEQA causes of action in their writ petitions were time-barred.[6]

We begin our evaluation of the contentions on appeal with the standard of review applicable to a judgment of dismissal based upon an order sustaining a demurrer without leave to amend.

---

[6] We granted the application of the Winnemem Wintu Tribe, Communities for a Better Environment, and Restore the Delta for leave to file an amicus curiae brief in support of appellants. We also granted the application of the California Attorney General for leave to file an amicus curiae brief in support of appellants.

**A. *Standard of Review***

"The legal sufficiency of a petition for writ of mandate may be tested by demurrer. [Citation.]" (*Committee for Sound Water & Land Development v. City of Seaside* (2022) 79 Cal.App.5th 389, 399.) The standard of review on appeal from an order of dismissal after a demurrer is sustained without leave to amend is de novo. (*Committee for Green Foothills*, *supra*, 48 Cal.4th at p. 42.) In performing our independent review of the complaint, we assume the truth of all facts properly pleaded by the plaintiff. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6 (*Evans*).)

Additionally, "we give the complaint a reasonable interpretation, and read it in context." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 (*Schifando*).) However, we do not assume the truth of " ' "contentions, deductions or conclusions of fact or law." ' " (*Evans*, *supra*, 38 Cal.4th at p. 6.) We may also consider matters that are subject to judicial notice and facts appearing in any exhibits attached to the complaint. (Code Civ. Proc, § 430.30, subd. (a); *Schifando*, at p. 1081.)

Our Supreme Court has stated that " ' "[a] demurrer based on a statute of limitations will not lie where the action may be, but is not necessarily, barred. [Citation.] In order for the bar . . . to be raised by demurrer, the defect must clearly and affirmatively appear on the face of the complaint [and matters subject to judicial notice]; it is not enough that the complaint shows that the action may be barred." ' " (*Committee for Green Foothills, supra,* 48 Cal.4th at p. 42; see Code Civ. Proc, § 430.30, subd. (a).)

**B. *The Parties' Contentions***

On appeal, the Center and the Amah Mutsun Tribal Band reiterate their arguments below that they timely filed their writ petitions on December 9, 2022, within 30 days after the NOD filed on November 10, 2022, pursuant to the relevant Public Resources Code provisions and relevant San Benito County Code provisions. They contend, as they did below, that the November 10, 2022 NOD filed after the Board of Supervisors approved the Betabel Project is the operative NOD for purposes of commencing the

11

section 21167, subdivision (c) 30-day limitations period for an action alleging that an EIR does not comply with CEQA, not the NOD filed on October 14, 2022, after the Planning Commission's decision to approve the Betabel Project. They further contend that the Planning Commission's decision to approve the project was not a final approval and therefore that approval had no legal effect due to their appeal of that decision to the Board of Supervisors. Additionally, they argue that the principles of administrative law are violated if they are required to bring a CEQA action seeking judicial review of the Planning Commission's nonfinal decision without exhausting their administrative remedy of an appeal of the Planning Commission's decision to the Board of Supervisors, as the final decision-making authority, before filing suit.

The McDowell Trust responds that the trial court did not err in ruling that the writ petitions were time-barred because the petitions were filed more than 30 days after the October 14, 2022 NOD that followed the Planning Commission's decision to certify the EIR and approve their application for a conditional use permit for the Betabel Project.[7]

According to the McDowell Trust, the 30-day limitations period provided by section 21167, subdivision (c) runs from the first notice of a project's approval, even if there is a second NOD. The McDowell Trust construes the provisions of the Public Resources Code and the San Benito County Code to provide that the Planning Commission's NOD was final when it was filed within five working days of the Planning Commission's decision, and therefore the first NOD triggered the 30-day limitations period.

---

[7] The McDowell Trust's request for judicial notice of (1) a county record consisting of an email chain; (2) a county record consisting of an email chain and a copy of an October 13, 2022 signed conditions of approval; and (3) a state Fish and Game fee receipt is denied as irrelevant. (See *People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422, fn. 2 ["any matter to be judicially noticed must be relevant to a material issue"].)

The McDowell Trust explains that "[b]etween the time of the Planning Commission approval and any appeal, however, the approval is valid and final. The County properly filed the NOD here in the window between October 12, [2022] when the Planning Commission acted, and October 24, [2022] when the appeals were filed." The appeals of the Planning Commission's decision did not affect the finality of that decision, the McDowell Trust asserts, because "[t]he actual language of the [County] Code [section 25.02.003, subd. (K)] does not *prohibit* the decision from being final before the deadline for an appeal has expired; it simply confirms that it will forever be final after the deadline has run without an appeal."

### C. *Analysis*

Since the parties' statutory interpretations differ with regard to the implementation of the section 21167, subdivision (c) CEQA limitations period, and also differ regarding the interpretation of the pertinent San Benito County Code provisions, we begin our analysis with the well-established rules of statutory construction.

### 1. Statutory Interpretation

"[O]ur fundamental task is to ascertain the Legislature's intent so as to effectuate the purpose of the statute. [Citation.] We begin with the language of the statute, giving the words their usual and ordinary meaning. [Citation.] The language must be construed 'in the context of the statute as a whole and the overall statutory scheme, and we give "significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose." ' [Citation.]" (*Smith v. Superior Court* (2006) 39 Cal.4th 77, 83 (*Smith*).)

"If the statutory terms are ambiguous, we may examine extrinsic sources, including the ostensible objects to be achieved and the legislative history. [Citation.] In such circumstances, we choose the construction that comports most closely with the Legislature's apparent intent, endeavoring to promote rather than defeat the statute's general purpose, and avoiding a construction that would lead to absurd consequences.

13

[Citation.]" (*Smith*, *supra*, 39 Cal.4th at p. 83.) The rules that govern interpretation of statutes also govern the interpretation of ordinances and administrative regulations. (*Ocean Street Extension Neighborhood Assn. v. City of Santa Cruz* (2021) 73 Cal.App.5th 985, 1025; *Berkeley Hillside Preservation v. City of Berkeley* (2015) 60 Cal.4th 1086, 1097.)

## 2. The Writ Petitions Were Timely Filed

In the present case, we determine that application of the rules of statutory interpretation shows that, under the pertinent Public Resources Code and San Benito County Code provisions, the trial court erred in ruling that the writ petitions were time-barred. As we will discuss, a plain language interpretation of those provisions compels the conclusion that the writ petitions were timely filed within 30 days after the operative November 10, 2022 NOD that was filed following the Board of Supervisors' denial of the appeals of the Center and the Amah Mutsun Tribal Band and final approval of the Betabel Project.

We begin our plain language analysis with the applicable limitations period, which is provided by section 21167, subdivision (c): "An action or proceeding alleging that an environmental impact report does not comply with this division shall be commenced within 30 days from the date of the filing of the notice required by . . . subdivision (a) of [s]ection 21152 by the lead agency [(notice of determination by local agency)]."

Thus, "[i]f a valid NOD has been filed . . . , *any* challenge to that decision under CEQA must be brought within 30 days, regardless of the nature of the alleged violation." (*Committee for Green Foothills, supra,* 48 Cal.4th at p. 48.) A valid NOD contains the elements required by the Guidelines, such as identification and location of the project. (Guidelines, § 15094, subd. (b).)

The time to file an NOD is addressed in section 21152, subdivision (a), which provides in part that "[i]f a local agency approves or determines to carry out a project that is subject to this division, the local agency shall file a notice of determination within five

14

working days after the *approval or determination becomes final*, with the county clerk of each county in which the project will be located." (Emphasis added.)

The finality of a project approval is governed by local rules: "Under the CEQA Guidelines, the timing of an agency's 'approval' of a project is a matter determined by the agency's own rules, regulations, and ordinances. (Guidelines, § 15352, subd. (a).)" (*Stockton Citizens*, *supra*, 48 Cal. 4th at pp. 495-496.)

In San Benito County, the San Benito County Code expressly provides as follows with respect to the finality of an approval of a conditional use permit. First, " [t]he Planning Commission's approval [of a conditional use permit] shall be final when the deadline for an appeal by the public or applicant has expired without the filing of an appeal." (San Benito County Code, § 25.02.003, subd. (K)(1).) Second, "[a]pplications [for a conditional use permit] which have been appealed shall be deemed not approved until the Board of Supervisors takes action to approve or deny." (San Benito County Code, § 25.02.003, subd. (K)(2).)

The time limit for appealing a decision of the Planning Commission is 10 days: "Any decision of the Planning Commission may be appealed within ten calendar days after the date of the Planning Commission's decision to the Board of Supervisors." (San Benito County Code, § 25.01.008, subd. (B).) The San Benito County Code also generally provides that "[t]he decision of the hearing body shall be considered final unless a decision is appealed. In all cases, the Board of Supervisors shall represent the final authority." (San Benito County Code, § 25.01.007, subd. (B)(6).)

Applying these rules, it is apparent that the Planning Commission's approval of the conditional use permit for the Betabel Project did not constitute a final approval, since the Center and the Amah Mutsun Tribal Band timely appealed the approval to the Board of Supervisors during the 10-day period to appeal after the Planning Commission's decision. (See § 21152, subd. (a); San Benito County Code, § 25.02.003, subd. (K)(1) & (2).) Consequently, the October 14, 2022 NOD filed by the Planning Commission did

15

not follow a final approval, and for that reason, the October 14, 2022 NOD was not effective to commence the 30-day limitations period provided by section 21167, subdivision (c) for an action challenging the adequacy of an EIR. (See *Committee for Green Foothills*, *supra,* 48 Cal.4th at p. 47.)

We therefore determine that the 30-day limitations period provided by section 21167, subdivision (c) began to run on November 10, 2022, the date the Board of Supervisors filed a NOD after its final approval of the Betabel Project and denial of the appeals of project opponents the Center and Amah Mutsun Tribal Band. Accordingly, the writ petitions of the Center and the Amah Mutsun Tribal Band were timely filed within the 30-day limitations period on December 9, 2022.

The California Supreme Court decisions relied upon by the McDowell Trust for a contrary conclusion do not support their contention that the section 21167, subdivision (c) 30-day limitations period is triggered by an NOD filed after a local agency's initial project approval, regardless of whether the initial approval has been appealed to the final decision-making body and a second NOD was filed following the final decision-making body's final project approval.

In *Stockton Citizens, supra*, 48 Cal.4th 481, our Supreme Court addressed another short CEQA statute of limitations: "An action or proceeding alleging 'that a public agency has improperly determined that a project is not subject to [CEQA]' must be commenced 'within 35 days from the date of the filing' of the NOE [(notice of exemption)].' (§ 21167, subd. (d) (section 21167(d)); CEQA Guidelines, § 15112, subd. (c)(2).)" (*Id.* at p. 488.)

The issue in *Stockton Citizens*, *supra*, 48 Cal.4th 481 was whether the project opponents timely filed their writ petition challenging a decision by the City of Stockton's Director of Community Development that a project was exempt from CEQA review. (*Id.* at pp. 488-489.) The City of Stockton, through the Director, filed an NOE for the project on February 17, 2004, and therefore the 35-day period following the filing of the NOE

16

expired on March 23, 2004. (*Id.* at p. 494.) Our Supreme Court ruled that the project opponents' writ petition was untimely filed months later, rejecting their contentions that Director's approval "was invalid and ineffective for various procedural and substantive reasons" and "defective in form and content, and thus could not cause the 35-day limitations period to begin running." (*Id*. at p. 489.)

The court in *Stockton Citizens*, *supra*, 48 Cal.4th at page 489 determined "that flaws in the decision-making process underlying a facially valid and properly filed NOE do not prevent the NOE from triggering the 35-day period to file a lawsuit challenging the agency's determination that it has approved a CEQA-exempt project. By describing the project in question, setting forth the agency's action or decision, and detailing the reasons for the exemption finding, this notice tells the public that the brief period within which a CEQA challenge to the *propriety of the noticed action or decision* may be commenced has begun to run."

Thus, the decision in *Stockton Citizens*, *supra*, 48 Cal.4th 481 is distinguishable because the fact situation did not involve a project opponent's appeal of a local agency's initial CEQA-related decision to the final decision-making body. In *Stockton Citizens*, *supra,* only one NOE was at issue, and the court did not address a situation where, as here, two notices were filed. Accordingly, the decision in *Stockton Citizens* does not support the proposition that an initial NOD filed after a local agency's initial CEQA-related decision commences the section 21167, subdivision (c) 30-day limitations period regardless of whether the initial decision has been appealed to the final decision-making body. "An appellate decision is not authority for everything said in the court's opinion but only 'for the points actually involved and actually decided.' [Citations.]" (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 620.)

The decision in *Committee for Green Foothills*, *supra*, 48 Cal.4th 32 is similarly distinguishable. In that case, the Santa Clara County Board of Supervisors authorized the County of Santa Clara to enter into an agreement with Stanford University pertaining to

17

the alignment of certain trails that crossed Stanford lands. (*Id.* at p. 41.) The County filed a NOD on December 16, 2005, that described one trail alignment and a revised NOD on December 20, 2005, regarding the agreement for two other trail alignments. (*Ibid.*)

The issue addressed in *Committee for Green Foothills*, *supra*, 48 Cal.4th 32 was whether the project opponents had timely filed a writ petition that challenged the County of Santa Clara's approval of the trails agreement on the ground that no CEQA review of the trail alignments had been conducted. (*Id.* at pp. 41-42.) The writ petition was filed 171 days after the revised NOD was filed on December 20, 2005. (*Ibid.*) Our Supreme Court ruled that because the writ petition was filed more than 30 days after the County of Santa Clara "disclosed its approval of the Trails Agreement in an NOD, the action is clearly time-barred under section 21167, subdivision (e)."[8] (*Id.* at p. 52.)

The decision in *Committee for Green Foothills*, *supra*, 48 Cal.4th 32 is therefore distinguishable because it did not involve a second NOD that was filed after project approval by the final decision-making body that denied an appeal from a local agency's initial project approval and filing of a initial NOD. Accordingly, the decision does not support the proposition that an initial NOD commences the section 21167, subdivision (c) 30-day limitations period regardless of whether the initial local agency's project approval that preceded the filing of the initial NOD has been appealed to a final decision-making body.

The parties also submitted letter briefs regarding the recent decision in *Guerrero v. City of Los Angeles* (2024) 98 Cal.App.5th 1087 (*Guerrero*). The decision in *Guerrero* is also distinguishable and does not support the McDowell Trust's contention that the writ

---

[8] The section 21167, subdivision (e) catchall provision states: "An action or proceeding alleging that another act or omission of a public agency does not comply with this division shall be commenced within 30 days from the date of the filing of the notice required by subdivision (a) of Section 21108 or subdivision (a) of Section 21152."

petitions were untimely filed by the Center and the Amah Mutsun Tribal Band more than 30 days after the NOD filed by the Planning Commission, despite their appeals of the Planning Commission's decision to approve the McDowell Trust's application for a conditional use permit to the Board of Supervisors and the filing of subsequent NOD announcing the Board of Supervisor's final approval.

In *Guerrero*, *supra*, 98 Cal.App.5th 1087 the issue was whether the project opponent's writ petition alleging the City of Los Angeles' decision to approve a mitigated negative declaration for a project violated CEQA was timely filed more than 30 days after the NOD announcing that decision. (*Id*. at pp. 1099-1100.) The *Guerrero* court rejected the project opponent's argument that the 30-day limitations period ran from a later NOD that announced the City's decision to approve the Planning Commission's recommendation of a zoning change for the same project, finding instead that the 30-day period ran from the earlier NOD that announced approval of the mitigated negative declaration. (*Id*. at p. 1097.) The fact situation in *Guerrero*, *supra*, did not involve successive NODs regarding the same conditional use permit, nor did the decision involve an appeal of a Planning Commission's decision to the Board of Supervisors, and therefore the decision is not helpful to the McDowell Trust.

### 3. Doctrine of Exhaustion of Administrative Remedies

Finally, we agree with the Center and the Amah Mutsun Tribal Band, and with amicus curiae, that to rule that the writ petitions were untimely filed because the 30-day limitations period provided by section 21167, subdivision (c) commenced when the Planning Commission filed an NOD after its nonfinal decision, despite the appeals of that decision to the Board of Supervisors, would violate the doctrine of exhaustion of administrative remedies.

"[T]he rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act." (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 292 (*Abelleira*).)

19

The doctrine "is not a matter of judicial discretion, but is a fundamental rule of procedure . . . binding upon all courts." (*Id.* at p. 293.)

"This court has explained that ' "[t]he exhaustion doctrine is principally grounded on concerns favoring administrative autonomy (i.e., courts should not interfere with an agency determination until the agency has reached a final decision) and judicial efficiency (i.e., overworked courts should decline to intervene in an administrative dispute unless absolutely necessary)." [Citation.] . . . Therefore, '[u]ntil an available "administrative procedure has been invoked and completed, there is nothing that the . . . court may review; it cannot interfere in the intermediate stages of the proceeding.' [Citation.]' [Citation.]" (*Monterey Coastkeeper v. Monterey County Water Resources Agency* (2017) 18 Cal.App.5th 1, 12 (*Monterey Coastkeeper*).)

CEQA provides for an administrative remedy in section 21151, subdivision (c): "If a nonelected decisionmaking body of a local lead agency certifies an environmental impact report, approves a negative declaration or mitigated negative declaration, or determines that a project is not subject to this division, that certification, approval, or determination may be appealed to the agency's elected decisionmaking body, if any." (Guidelines, § 15090; see *Abelleira*, *supra*, 17 Cal.2d 280, 292; see, e.g., *Clews Land & Livestock, LLC v. City of San Diego* (2017) 19 Cal.App.5th 161, 172 [project opponent's challenge to a mitigated negative declaration was barred because it did not exhaust its administrative remedies in proceedings before the city council]; *McCann v. City of San Diego* (2021) 70 Cal.App.5th 51, 76 [exhaustion of administrative remedies applies to notice of exemption].) Moreover, CEQA requires the record in all proceedings alleging CEQA violations pursuant to section 21167 to include comprehensive "documentation of the final public agency decision." (§ 21167.6, subd. (e)(9).)

Here, the San Benito County Code provides an appeals process for the Planning Commission's decision regarding an application for a conditional use permit. First, "[t]he Planning Commission shall act as the Review Authority for conditional use

20

permits." (San Benito County Code, § 25.02.003, subd. (B).) Second, "[a]nydecision of the Planning Commission may be appealed within ten calendar days after the date of the Planning Commission's decision to the Board of Supervisors." (San Benito County Code, § 25.01.008, subd. (B).) "The decision of the hearing body shall be considered final unless a decision is appealed. In all cases, the Board of Supervisors shall represent the final authority." (San Benito County Code, § 25.01.007, subd. (B)(6).)

Accordingly, the final public agency decision that is subject to judicial review in this case is the Board of Supervisors' November 8, 2022 final decision denying the appeals of the Planning Commission's approval of the conditional use permit for the Betabel Project and certifying the final EIR pursuant to CEQA. Judicial review of the Planning Commission's October 12, 2022 nonfinal decision to certify the EIR and approve the conditional use permit would constitute interference in the intermediate stages of a CEQA proceeding in violation of the doctrine of exhaustion of administrative remedies. (See *Monterey Coastkeeper*, *supra*, 18 Cal.App.5th at p. 12.)

For these reasons, we conclude that the trial court erred in sustaining the McDowell Trust's demurrer to the writ petitions without leave to amend on the grounds that the writ petitions were untimely filed, and we will reverse the judgments of dismissal.

## VI. DISPOSITION

In H051322, *Center for Biological Diversity, et al. v. County of San Benito*, the June 30, 2022 judgment of dismissal is reversed and the matter is remanded to the superior court with directions to vacate its order sustaining the demurrer to the petition for writ of mandate without leave to amend and to enter a new order overruling the demurrer. Costs on appeal are awarded to plaintiffs.

In H051323, *Amah Mutsun Tribal Band v. County of San Benito*, the June 30, 2022 judgment of dismissal is reversed and the matter is remanded to the superior court with directions to vacate its order sustaining the demurrer to the petition for writ of

21

mandate without leave to amend and to enter a new order overruling the demurrer. Costs on appeal are awarded to plaintiffs.

_____
BAMATTRE-MANOUKIAN, J.



WE CONCUR:






_____
GREENWOOD, P. J.






_____
WILSON, J.






***Center for Biological Diversity et al. v. County of San Benito et al.***
**H051322**
**H051323**

Filed 8/6/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY et al., | H051322 (San Benito County Super. Ct. No. CU2200247) |
| Plaintiffs and Appellants, | |
| v. | |
| COUNTY OF SAN BENITO, | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Defendant and Respondent; | |
| HENRY RUHNKE et al., | |
| Real Parties in Interest and Respondents. | |
| AMAH MUTSUN TRIBAL BAND, | H051323 (San Benito County Super. Ct. No. CU2200249) |
| Plaintiff and Appellant, | |
| v. | |
| COUNTY OF SAN BENITO, | |
| Defendant and Respondent; | |
| HENRY RUHNKE et al., | |
| Real Parties in Interest and Respondents. | |

THE COURT:

The opinion in the above-entitled matter filed on July 24, 2024, was not certified for publication in the Official Reports.  The law firm of Lozeau Drury LLP and real parties in interest and respondents, Henry Ruhnke et al., request that the opinion be certified for publication.  Under California Rules of Court, rule 8.1105(c), the opinion is ordered published.

2

_____

BAMATTRE-MANOUKIAN, J.


_____

GREENWOOD, P.J.


_____

WILSON, J.


*Center for Biological Diversity et al. v. County of San Benito et al.*
**H051322**
**H051323**

| | |
|---|---|
| Trial Court: | San Benito County Superior Court<br>Superior Court Nos.: CU2200247, CU2200249 |
| | |
| Trial Judge: | Hon. Patrick K. Palacios |
| | |
| Attorneys for Petitioners and Appellants:<br>Center for Biological Diversity<br>Protect San Benito County<br>Amah Mutsun Tribal Band | Mark Raymond Wolfe<br>M.R. Wolfe & Associates, P.C.<br><br>Sara A. Clark<br>Tori Gibbons<br>Nardos Girma<br>Shute, Mihaly & Weinberger LLP |
| | |
| Attorneys for Defendant and Respondent:<br>County of San Benito | Barbara Jeanne Thompson<br>Office of the County Counsel<br><br>Ekam S. Brar<br>San Benito County Counsel<br><br>Amanda Uhrhammer<br>Prentice Long PC |
| | |
| Attorneys for Real Party in Interest:<br>Henry Ruhnke<br>Thomas John McDowell and Victoria<br>Knight McDowell Charitable Remainder<br>Unitrust<br>Thomas John McDowell and Victoria<br>Knight McDowell Trustees | Peter Stanley Prows<br>Anthony Lee Francois<br>Lawrence S. Bazel<br>Briscoe Ivester & Bazel LLP |

Attorneys for Amicus Curiae:                Ron Bonta
The People                                  Attorney General
                                            Edward H. Ochoa
                                            Senior Assistant Attorney General
                                            Christie Vosburg
                                            Supervising Deputy Attorney General
                                            Monica Heger
                                            Yuting Yvonne Chi
                                            Deputy Attorneys General


Attorneys for Amicus Curiae:                Stephanie Lee Safdi
Winnemem Wintu Tribe                        Robert V. Vogel
Communities for Better Environment          Environmental Law Clinic
Restore The Delta



*Center for Biological Diversity et al. v. County of San Benito et al.*
**H051322**
**H051323**